UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2006[*]
Decided February 27, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| No. 05-3905 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| | No. 02 CR 235 |
| *v.* | |
| | **George W. Lindberg**, *Judge.* |
| FAYEZ ALBURAY, *Defendant-Appellant.* | |

# O R D E R

Fayez Alburay is serving a fifty-one-month sentence on account of a food stamp scam to which he pleaded guilty. Alburay appealed his sentence, and, after considering several arguments, we remanded the case with two specific and narrow instructions. *See United States v. Alburay*, 415 F.3d 782, 785-90 (7th Cir. 2005). First, we instructed the district court to replace certain supervised release language

---

[*] This successive appeal has been submitted to the original panel pursuant to Operating Procedure 6(b). After reviewing the briefs and the record, the panel is unanimously of the view that oral argument is unnecessary. Accordingly, the appeal has been submitted on the briefs and the record alone. *See* Fed. R. App. P. 34(a).

in its judgment with a single, explicit sentence: "If deported, you are ordered not to re-enter the United States without the express written permission of the Attorney General of the United States." *Id.* at 787-88. Second, we instructed the district court to correct its initial restitution figure to the stated amount of $1,725,000. *See id.* at 789. We affirmed in all other respects.

The district court's corrected judgment fully complied with our instructions. Nevertheless, Alburay has lodged another appeal to his sentence. In this successive appeal, however, his appointed counsel has moved to withdraw, citing a lack of a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Alburay to respond, but he elected not to do so.

Again, the district court complied with our two corrective instructions completely. Any challenge to this compliance would thus be frivolous. Further, counsel correctly states that the scope of our remand was expressly limited to these two narrow and unambiguous instructions, and any challenge to the scope of the remand would also be frivolous. Moreover, other possible arguments for this appeal were either conclusively decided by this court in the first appeal or waived as a result of not being raised in the first appeal. *See United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002). As a result, raising such arguments beyond the scope of the remand would likewise be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is

DISMISSED.